1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

LEODEGARIO SALVADOR,                    2:13-CV-1011 JCM (GWF)

9                      Plaintiff(s),

10    v.

11    NATIONAL DEFAULT SERVICING
12    CORPORATION, et al.,

13                      Defendant(s).

14

15                              **ORDER**

16        Presently before the court is *pro se* plaintiff Leodegario Salvador's motion for a temporary

17    restraining order.  (Doc. # 1, Exh. C).

18        Plaintiff originally filed this action in state court on or about May 9, 2013.  (*See* doc. # 1,

19    Exh. A, compl.).  Plaintiff filed the instant motion for a temporary restraining order ex parte on or

20    about May 23, 2013.  (Doc. # 1, Exh. C).

21        Defendant Wells Fargo removed to this court on June 6, 2013.  At the time of removal, the

22    state court had yet to decide the motion for a temporary restraining order.  After reviewing the

23    complaint, the motion, and all other attached documents, the court declines to grant injunctive relief

24    for the reasons stated *infra*.

25    **I.     Background**

26        This is a mortgage and foreclosure related lawsuit regarding properly located at 4228

27    Rollingstone Drive, Las Vegas, Nevada, 89103.  The previous owner of the subject property was

28

**James C. Mahan**
**U.S. District Judge**

1  Gregory Comstock.  (Compl. at ¶ 2).  Comstock eventually became delinquent on his homeowner

2  association ("HOA") fees and/or dues.  (*Id.* at ¶ 6).  Plaintiff alleges that he acquired the property

3  on or about September 26, 2012, by successfully bidding on the property at an HOA foreclosure sale

4  pursuant to NRS 116.3116 *et seq.*

5      In addition to becoming delinquent on HOA fees and/or dues, Comstock also defaulted on

6  his mortgage payments.  A notice of default and election to sell under the deed of trust was recorded

7  on or about December 14, 2012.  A trustee sale is currently scheduled for June 20, 2013.

8      Plaintiff has filed the instant motion for a temporary restraining order to enjoin certain

9  defendants from conducting the scheduled trustee sale.

10  **II.    Legal Standard**

11      According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining

12  order when the moving party provides specific facts showing that immediate and irreparable injury,

13  loss, or damage will result before the adverse party's opposition to a motion for preliminary

14  injunction can be heard.  Fed. R. Civ. P.65.  "The purpose of a temporary restraining order is to

15  preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial

16  nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*

17  *et al,* no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16., 2012) (citing *Sierra*

18  *On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "Thus, in seeking a

19  temporary restraining order, the movant must demonstrate that the denial of relief will expose him

20  to some significant risk of irreparable injury."  *Id.* (quoting *Associated Gen. Contractors of*

21  *California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

22      "Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an

23  extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by

24  clear and convincing evidence." *Id.*; *Winter v. N.R.D.C.*, 555 U.S. 7, 24 (2008) ("A preliminary

25  injunction is an extraordinary remedy never awarded as a right.").  The Supreme Court has stated

26  that a plaintiff must establish each of the following to secure an injunction: (1) a likelihood of

27  success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3)

28

**James C. Mahan**
**U.S. District Judge**

1  balance of hardships; and (4) advancement of the public interest. *Winter*, 555 U.S. at 20-24 (2008).

2  Plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632

3  F.3d 1127, 1135 (9th Cir. 2011).

4  **III.    Discussion**

5       Plaintiff must establish each of the four *Winter* elements, as it is a four-part conjunctive test.

6  Plaintiff's motion for a temporary restraining order fails because he cannot show a likelihood of

7  success on the merits.

8       *A.    Likelihood of Success on the Merits*

9       Plaintiff cannot show a likelihood of success for two reasons.[1] First, "plaintiff is required

10  to (1) produce a copy of the assessment lien upon which the foreclosure was based and (2) allege that

11  the assessment lien chronologically precedes the deed of trust." *Weeping Hollow Ave. Trust v.*

12  *Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL 2296313, at *5 (D. Nev. May 24, 2013) (citing

13  *Centeno v. Mortg. Elec. Registration Sys.*, no. 2:11-cv-02105-GMN-RJJ, 2012 WL 3730528 (D.

14  Nev. Aug. 28, 2012)).

15       In this case, the complaint does not allege that the assessment lien by the HOA

16  chronologically predates the recordation of the deed of trust. The complaint could not allege such

17  a fact in good faith because the deed of trust was recorded on or about October 9, 2008, while the

18  first delinquent assessment lien for failure to pay HOA fees and/or dues was recorded on or about

19  April 20, 2009. The deed of trust was recorded more than six months before the first recordation of

20  the first delinquent assessment lien by the HOA.

21       The second reason plaintiff cannot establish a likelihood of success on the merits is because

22  he misreads NRS 116.3116(2)(b) and ©. This court has held that "NRS 116.3116(2)© creates a

23  limited super priority lien for 9 months of HOA assessments leading up to the foreclosure of the first

24  mortgage, but it does not eliminate the first security interest." *Weeping Hollow*, 2013 WL 2296313,

25  at *6 (quoting *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:13-cv-00949-KJD-

26

27       ───────────────

          [1] The motion actually fails for more than two reasons. However, the court need not discuss each of them. Two
28  suffice to sufficiently foreclose a likelihood of success on the merits.

**James C. Mahan**
**U.S. District Judge**                                        - 3 -

RJJ, 2013 WL 531092, at *3 (D. Nev. Feb. 11, 2013)); *see also First 100, LLC v. Wells Fargo Bank, N.A. et al*, 2:13-cv-00431-JCM-PAL, order, document number 29.  Plaintiff's purchase of the subject property at an HOA foreclosure did not eliminate the first security interest.  This holding has become well-established both in Nevada state and federal courts.  *See Weeping Hollow*, 2013 WL 2296313, at *4-7 (reviewing state and federal cases on this issue in addition to the legislative history).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 1, Exh. C) be, and the same hereby, is DENIED.

DATED June 13, 2013.

_____
**UNITED STATES DISTRICT JUDGE**