# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEODEGARIO SALVADOR,

    Plaintiff(s),

v.

NATIONAL DEFAULT SERVICING CORPORATION, et al.,

    Defendant(s).

2:13-CV-1011 JCM (GWF)

## ORDER

Presently before the court is *pro se* plaintiff Leodegario Salvador's motion for a temporary restraining order. (Doc. # 1, Exh. C).

Plaintiff originally filed this action in state court on or about May 9, 2013. (*See* doc. # 1, Exh. A, compl.). Plaintiff filed the instant motion for a temporary restraining order ex parte on or about May 23, 2013. (Doc. # 1, Exh. C).

Defendant Wells Fargo removed to this court on June 6, 2013. At the time of removal, the state court had yet to decide the motion for a temporary restraining order. After reviewing the complaint, the motion, and all other attached documents, the court declines to grant injunctive relief for the reasons stated *infra*.

**I.**    **Background**

This is a mortgage and foreclosure related lawsuit regarding properly located at 4228 Rollingstone Drive, Las Vegas, Nevada, 89103. The previous owner of the subject property was

**James C. Mahan**
**U.S. District Judge**

Gregory Comstock. (Compl. at ¶ 2). Comstock eventually became delinquent on his homeowner association ("HOA") fees and/or dues. (*Id.* at ¶ 6). Plaintiff alleges that he acquired the property on or about September 26, 2012, by successfully bidding on the property at an HOA foreclosure sale pursuant to NRS 116.3116 *et seq*.

In addition to becoming delinquent on HOA fees and/or dues, Comstock also defaulted on his mortgage payments. A notice of default and election to sell under the deed of trust was recorded on or about December 14, 2012. A trustee sale is currently scheduled for June 20, 2013.

Plaintiff has filed the instant motion for a temporary restraining order to enjoin certain defendants from conducting the scheduled trustee sale.

## II.   Legal Standard

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston et al*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16., 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

"Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence." *Id.*; *Winter v. N.R.D.C.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as a right."). The Supreme Court has stated that a plaintiff must establish each of the following to secure an injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3)

1  balance of hardships; and (4) advancement of the public interest. *Winter*, 555 U.S. at 20-24 (2008).
2  Plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632
3  F.3d 1127, 1135 (9th Cir. 2011).

**III.   Discussion**

Plaintiff must establish each of the four *Winter* elements, as it is a four-part conjunctive test. Plaintiff's motion for a temporary restraining order fails because he cannot show a likelihood of success on the merits.

    *A.   Likelihood of Success on the Merits*

Plaintiff cannot show a likelihood of success for two reasons.[1]  First, "plaintiff is required to (1) produce a copy of the assessment lien upon which the foreclosure was based and (2) allege that the assessment lien chronologically precedes the deed of trust." *Weeping Hollow Ave. Trust v. Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL 2296313, at *5 (D. Nev. May 24, 2013) (citing *Centeno v. Mortg. Elec. Registration Sys.*, no. 2:11-cv-02105-GMN-RJJ, 2012 WL 3730528 (D. Nev. Aug. 28, 2012)).

In this case, the complaint does not allege that the assessment lien by the HOA chronologically predates the recordation of the deed of trust.  The complaint could not allege such a fact in good faith because the deed of trust was recorded on or about October 9, 2008, while the first delinquent assessment lien for failure to pay HOA fees and/or dues was recorded on or about April 20, 2009.  The deed of trust was recorded more than six months before the first recordation of the first delinquent assessment lien by the HOA.

The second reason plaintiff cannot establish a likelihood of success on the merits is because he misreads NRS 116.3116(2)(b) and ©.  This court has held that "NRS 116.3116(2)© creates a limited super priority lien for 9 months of HOA assessments leading up to the foreclosure of the first mortgage, but it does not eliminate the first security interest." *Weeping Hollow*, 2013 WL 2296313, at *6 (quoting *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:13-cv-00949-KJD-

---

[1] The motion actually fails for more than two reasons.  However, the court need not discuss each of them.  Two suffice to sufficiently foreclose a likelihood of success on the merits.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  RJJ, 2013 WL 531092, at *3 (D. Nev. Feb. 11, 2013)); *see also First 100, LLC v. Wells Fargo Bank,*
2  *N.A. et al*, 2:13-cv-00431-JCM-PAL, order, document number 29. Plaintiff's purchase of the subject
3  property at an HOA foreclosure did not eliminate the first security interest. This holding has become
4  well-established both in Nevada state and federal courts. *See Weeping Hollow*, 2013 WL 2296313,
5  at *4-7 (reviewing state and federal cases on this issue in addition to the legislative history).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 1, Exh. C) be, and the same hereby, is DENIED.

DATED June 13, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -