# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LEODEGARIO SALVADOR,

    Plaintiff(s),

v.

NATIONAL DEFAULT SERVICING CORPORATION, et al.,

    Defendant(s).

2:13-CV-1011 JCM (GWF)

## ORDER

Presently before the court is *pro se* plaintiff Leodegario Salvador's motion to remand. (Doc. # 14). Defendant Wells Fargo, Inc. ("Wells Fargo"), filed a response (doc. # 17) and plaintiff filed a reply (doc. # 18).

Also before the court is defendant Wells Fargo's motion to dismiss. (Doc. # 4). Plaintiff filed a response (doc. # 15) and Wells Fargo filed a reply (doc. # 16). Defendant National Default Loan Servicing Corporation filed a motion to join in Wells Fargo's motion to dismiss. (Doc. # 9).

**I.   Background**

This is a mortgage and foreclosure related lawsuit whereby plaintiff seeks to quiet title based on an alleged extinguishment of defendants' lien after an HOA foreclosure sale.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

On September 26, 2008, non-party Gregory Comstock purchased the subject property located at 4228 Rollingstone Drive in Las Vegas, Nevada (hereinafter "the property").[1] On October 6, 2008, Comstock executed a deed of trust and note for $93,762 whereby non-party Cornerstone Home Lending was named as the lender and non-party Matt H. Laird as the trustee on the deed of trust.

On April 20, 2009, a notice of delinquent assessment lien was recorded against the property. On September 9, 2009, a notice of default and election to sell under the HOA lien was recorded. On July 29, 2011, an assignment of deed of trust was recorded, whereby MERS assigned all interest in the deed of trust and note to Wells Fargo.

On January 13, 2012, a second notice of delinquent assessment lien was recorded. On March 2, 2012, a second notice of default and election to sell under the HOA lien was recorded. On August 23, 2012, a notice of trustee's sale was recorded.

On September 26, 2012, plaintiff obtained the property for $8,100 at the HOA foreclosure auction. On October 2, 2012, a trustee's deed upon sale was recorded.

On November 20, 2012, a substitution of trustee was recorded whereby Wells Fargo substituted defendant National Default Servicing Corporation as trustee on the deed.

On December 14, 2012, a third notice of default and election to sell was recorded. On March 21, 2013, a certificate from the foreclosure mediation program was recorded, permitting the beneficiary to proceed with foreclosure on the property. On March 21, 2013, a notice of trustee's sale was recorded.

On May 9, 2013, plaintiff filed a complaint in state court seeking to quiet title and obtain declaratory relief that he owns the property free from all liens and encumbrances. On June 6, 2013, defendants removed the case to this court.

---

[1] The court must lean heavily on the documents provided by defendant to understand the factual background. Plaintiff's complaint provides very few specific facts. The court judicially recognizes all of the following documents: the deed of trust, the note, notices of liens, notices of default, notice of trustee's sale, assignments, substitutions, foreclosure deed. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  **II.    Motion to remand (doc. # 14)**

2        An action filed in state court may be removed to federal court if the federal court would have
3  had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Pursuant to its
4  diversity jurisdiction, the court may preside over suits between citizens of different states where the
5  amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).  Where the
6  complaint does not establish the amount in controversy, the "the removing defendant bears the
7  burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds
8  [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino*
9  *v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

10        Plaintiff admits to being a resident and citizen of the state of Nevada.  (*See* Doc. #1-2).
11  Defendant Wells Fargo is incorporated in the state of Delaware with its principal place of business
12  in South Dakota.  (*See* petition for removal, doc. # 1).  Defendant National Default Servicing
13  Corporation is incorporated in the state of Arizona with is principal place of business being the same.
14  *Id.*  Plaintiff does not contest that diversity of citizenship exists.  (*See* motion to remand, doc. # 14,
15  p. 1).  The court finds diversity of citizenship is satisfied.

16        Plaintiff disputes that the amount in controversy is met.  Plaintiff relies on both the value of
17  the property as of the time of the filing of his motion as listed on the websites "www.zillow.com"
18  and "www.trulia.com," $61,031 and $64,000, respectively, along with the purchase price at the HOA
19  foreclosure sale of $8,100, as evidence that the amount in controversy is not met.  (Doc. #14, p. 2).
20  Defendants rely on the unpaid amount of the note, $91,108.08, with arrears totaling $14,125.58, as
21  evidence that the amount in controversy is met.  (Doc. # 17, p. 4).  The court agrees with defendants.
22  In this case, plaintiff is seeking to extinguish the defendants' entire interest in the property.  Thus,
23  the relevant inquiry for purposes of the amount in controversy is the monetary value of defendants'
24  interest.  Defendants have submitted properly authenticated evidence that the outstanding balance
25  on the note exceeds $75,000.

26        The court finds that the amount in controversy has been satisfied and that it has subject
27  matter jurisdiction over this dispute.  Plaintiff's motion to remand is therefore denied.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Motion to dismiss (doc. # 4)

#### A. Legal standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

#### B. Discussion

Relying on NRS 116.3116, plaintiff alleges that the HOA foreclosure sale extinguished defendants' first position security interest in his property. Plaintiff's interpretation of that statute is incorrect.

- 4 -

**James C. Mahan**
**U.S. District Judge**

1    This district has experienced a recent influx of plaintiffs seeking to quiet title after acquiring
2    a property at an HOA foreclosure sale.  Each plaintiff seeks declaratory relief that it owns the
3    property free and clear of a first position security interest.  Each plaintiff relies on an identical
4    interpretation of NRS 116.3116 as the legal basis.  This case is no different.

5    Time after time, this court has held that NRS 116.3116 does not alter or extinguish a first
6    position deed of trust.  *See, e.g., Premier One Holdings, Inc., v. BAC Home Loans Servicing LP, et
7    al.,* no. 2:13-cv-00895-JCM-GWF, 2013 WL 4048573 (D. Nev. August 9, 2013); *Diakonos
8    Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:12-cv-00949-KJD-RJJ, 2013 WL531092
9    (D. Nev. Feb. 11, 2013); *Bayview Loan Servicing, LLC v. Alessi &Koenig, LLC*, no.
10   2:13-cv-00164-RCJ, 2013 WL 2460452 (D. Nev. June 6, 2013); *Weeping Hollow Ave. Trust v.
11   Spencer,* no. 2:13-cv-00544-JCM-VCF, 2013 WL 2296313 (D. Nev. May 24, 2013); *Kal-Mor-USA,
12   LLC v. Bank of America, N.A.*, no. 2:13-cv-0680-LDG-VCF, 2013 WL 3729849 (D. Nev. July 8,
13   2013)*: Centano v. Mortgage Electronic Registration Systems, Inc.*, no. 2:11-cv-02105-GMN-RJJ,
14   2013 WL 3730528 (D. Nev. Aug. 28, 2012); *see also LN Management LLC Series 8246 Azure
15   Shores v. Wells Fargo Bank, N.A. et al.*, 2:-13-cv-1307-JCM-PAL (denying temporary restraining
16   order based on the same interpretation of the statute).  Rather, the plaintiff simply acquires the
17   property subject to the priority interest(s).

18   Because plaintiff's complaint relies on an interpretation of NRS 116.3116 that this court has
19   repeatedly rejected, the court finds plaintiff has failed to state a claim upon which relief can be
20   granted.  Fed. R. Civ. P. 12(b)(6).  As such, his complaint must be dismissed.

21   Accordingly,

22   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
23   remand (doc. # 14) be, and the same hereby is, DENIED.

24   IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. # 4) be, and the same
25   hereby is, GRANTED.

26   . . .

27   . . .

28

**James C. Mahan
U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiff's motion for a request for a ruling (doc. # 23) be, and the same hereby is, DENIED as moot.  The case is hereby dismissed with prejudice as to all named defendants.  The clerk of court shall enter judgment and close the case.

DATED November 13, 2013.

_____
**UNITED STATES DISTRICT JUDGE**