UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEODEGARIO SALVADOR,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br><br>　　　　　　　　Defendant(s). | Case No. 2:13-CV-1011 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant/counter-claimant Wells Fargo Bank, N.A.'s ("WF") motion for summary judgment against plaintiff/counter-defendant Leodegario Salvador. (ECF No. 70). Specifically, that motion seeks a determination that the foreclosure sale be set aside based upon WF's federal constitutional arguments. (*Id.*); *see also* (ECF No. 43). Mr. Salvador, appearing in this case *pro se*, did not file an opposition to the instant motion, and WF submitted a notice of non-opposition to the motion. (ECF No. 73).

**I.　　Introduction**

This case involves the validity of a September 26, 2012, HOA foreclosure sale of the real property at 4228 Rollingstone Drive, Las Vegas, NV 89103 (the "property"). (ECF No. 1-2); *see also* (ECF No. 70). The complaint in this case indicates that "[t]he foreclosure sale was conducted by Alessi & Koenig, LLC, agent for Glenview West Townhomes Association HOA, pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162, 116.31163 and 116.31164." (*Id.* at 3). Ultimately, plaintiff—who purchased the property at the relevant nonjudicial foreclosure sale—sought to quiet title in the property against all defendants. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

On January 13, 2016, WF submitted an answer and counterclaims against plaintiff. (ECF No. 43). *Inter alia*, WF seeks to set aside the foreclosure sale based upon a violation of its federal due process rights because it had an interest in the property pursuant to the July 29, 2011, corporate assignment of deed of trust. (ECF No. 70); *see also* (ECF No. 70-6).

A failure to respond to a motion for summary judgment is not a sufficient condition for that motion's success. *See* LR 7-2(d); *see also Heinemann v. Satterberg*, 731 F.3d 914, 917–18 (9th Cir. 2013). A district court may grant an unopposed motion for summary judgment only if the movant's filings satisfy the summary judgment standard. *See White v. Aramark*, No. 14-55405, 2016 WL 6583620, at *1 (9th Cir. Nov. 7, 2016) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)). The court proceeds accordingly.

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

| | |
|---|---|
| 1 | By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Nonmovant's evidence is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . . |

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

The Ninth Circuit in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. The facial invalidation of that particular statute hardly uproots the entirety of NRS Chapter 116. Moreover, WF spends much of its motion arguing a point—that opt-in notice is constitutionally insufficient—that has already been made by the Ninth Circuit in *Bourne Valley*, 832 F.3d at 1157–58.

To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). WF has satisfied the first element as a deed of trust is a property interest under Nevada law. *See* Nev. Rev. Stat. § 107.020 *et seq.*; *see also Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) (stating that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale"); (ECF No. 70-6) (assigning WF the deed of trust).

Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

WF concedes in the instant motion that actual notice is constitutionally sufficient notice. (ECF No. 70 at 10–11). Notably, WF makes arguments that, although approaching the statement "WF did not receive actual notice," never cross that threshold. *See generally* (ECF No. 70). For example, WF states that the recorded notices could not have provided the "best notice under the

circumstances." (*Id.* at 12). Indeed, receipt of actual notice deprives a claimant of standing to raise a procedural due process claim. *Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir. 1976).

Thus, WF has failed to make an initial showing of its entitlement to summary judgment for its failure to argue a lack of actual notice. *C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480.

Next, WF presumes to have standing, under the facts of this case, to assert claims under the Supremacy and Property clauses essentially on behalf of the Federal Housing Administration. (ECF No. 70). It does not have standing. *See Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *8 (D. Nev. July 5, 2017) (citing *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141, 1161 (D. Nev. 2016)).

Finally, WF argues that the HOA foreclosure sale violated the Takings Clause of the United States Constitution. The takings clause prohibits the state from taking private property for public use without just compensation. U.S. Const. amend. V. WF's argument, however, has been rejected. *See, e.g.*, *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) ("[T]he extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not violate the Takings Clauses . . . ."). Accordingly, this claim cannot proceed.

### IV. Conclusion

In sum, WF has not shown that it is entitled to summary judgment, and the instant motion will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that WF's unopposed motion for summary judgment (ECF No. 70), be and the same hereby is, DENIED.

DATED August 2, 2017.

_____
UNITED STATES DISTRICT JUDGE